55 CCPA

**AMERICAN BILTRITE RUBBER CO., Inc., Appellant,**

v.

**The BARASH COMPANY, Inc., Appellee.**

**Patent Appeal No. 7891.**

United States Court of Customs
and Patent Appeals.

Feb. 8, 1968.

Melvin R. Jenney, Kenway, Jenney & Hildreth, Boston, Mass., for appellant.

James M. Heilman, Heilman & Heilman, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from a decision of the Trademark Trial and Appeal Board (148 USPQ 17), sustaining an opposition to appellant's application, serial No. 124,-159, filed July 18, 1961, for the registration of VINALON as a trademark for "Shoe Soles of Molded Plastic Material." Opposition is based on appellee's registration No. 731,626 of May 15, 1962, on the Principal Register, of VITALON for "flexible plastic sheeting or film (in the general nature of an improvement, equivalent or substitute for leather of varying colors and designs), both unsupported or unlaminated, and also supported or laminated to backings of cloth or fabric made with woven or unwoven, natural or synthetic fiber, or a combination of both, or with saturated paper, for use as upholstery, wall covering, and pocketbooks, on luggage, table tops, footwear and for other industrial uses * * *." Opposer is concededly the prior user.

Since 1955, opposer and its predecessors in title have sold vinyl plastic sheeting under the trademark VITALON. The product has been used primarily in the manufacture of luggage. However, as a "tough" and "scuff-resistant" substitute for leather, it has also found use in handbags, golf bags, and upholstery. But, despite appellee's considerable efforts since 1960, the VITALON material has not been successfully used in the manufacture of shoes, at least to any commercially significant degree. The difficulty, it seems, has been in the bonding of the VITALON upper to the shoe sole. Conventional adhesives proved inadequate. Appellee, nevertheless, has

promoted the use of VITALON among shoe manufacturers, some 15 or 20 of which have made shoes from it for experimental purposes.

Appellee's only success in footwear seems to have been in the manufacture of slippers, the components of which, it seems, are sewn together.

Appellant, since 1961, has sold molded vinyl plastic shoe soles and stock for the manufacture of soles under the trademark VINALON. These products are sold to shoe manufacturers.

Although the products of appellant and appellee are sold only to manufacturers, it is customary for the end products, as they reach the ultimate consumer, to bear some indication of the fact that VITALON or VINALON material has been used.

The board found likelihood of confusion within the meaning of 15 USC 1052(d) and sustained the opposition. It disposed of appellant's major points as follows:

> While applicant does not contest that opposer is the prior user of its mark it urges that opposer's mark should be restricted to the fields of trade in which the mark has been used in trade, namely; vinyl sheeting and luggage and handbags made of such sheeting. It is apparent from the record, however, that opposer's mark should not be so restricted, and that opposer's scope of protection for its mark should not only encompass the present uses of its product but also any reasonable uses to which such product might be put. * * * In addition, the goods of opposer's registration cover products for use in making footwear and opposer's rights therein should not be prejudiced because of the fact that it has taken testimony relating to the use of its mark. * * *
>
> *    *    *    *    *    *
>
> As to the marks and despite any urgings to the contrary, it is apparent

that they closely resemble one another in overall sound and appearance. Considering the close similarity between "VINALON" and "VITALON", together with the fact that the goods of both parties are vinyl plastic materials which might readily be used by shoe manufacturers in the making of shoes, it must be concluded that, when applicant's mark is applied to its goods, there would be a likelihood of confusion, mistake or deception.

Appellant here argues again and at some length that an opposer's registration, under the Lanham Act rightly construed, is subject to restriction in an opposition proceeding. Appellant criticizes our contrary decision in Contour Chair-Lounge Co. v. Englander Co., 324 F.2d 186, 51 CCPA 833 (1964), and asks that it be overruled.

However, we observe that the board's decision rests on alternative grounds. The board concluded that opposer's mark should not be restricted both because the use of opposer's product in footwear is a reasonable expansion of its present uses and because, in any event, the board could not restrict the mark in an opposition proceeding. Since we agree with the first of these, we find it unnecessary to consider appellant's argument against the second.

Much of the argument against the first of the board's reasons is built on appellant's allegation that there has been no trademark usage of VITALON on footwear.[1] Further, in appellant's opinion, the present uses of appellee's mark on luggage, upholstery and golf bags do not warrant an extension to footwear under the expansion of business doctrine.

We think that this argument misapprehends the point of the board's comments. Appellee's mark is for vinyl plastic sheeting, somewhat in the nature of imitation leather, which, at least arguably, may be used in the manufacture of shoes. It is advertised as "tough" and "scuff-resistant." Appellee's prod-

---

1. Appellee, of course, disputes this analysis of his proof, arguing that the VITALON slippers are clearly footwear.

uct has undeniably been promoted in the shoe industry as a likely replacement for leather. It has been successfully used in slippers. The question is whether, under these circumstances, the use of appellant's very similar trademark on vinyl plastic soles in the same industry would result in a likelihood of confusion. The board thought it would. We agree.

We also agree with the board that the third-party registrations cited by appellants do not indicate such a lack of distinctiveness in the mark VITALON as a whole that the likelihood of confusion with VINALON is materially reduced. See In re Helene Curtis Industries, Inc., 305 F.2d 492, 49 CCPA 1367 (1962) on the weight to be accorded third-party registrations.

The decision of the board is affirmed.

Affirmed.